IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:04-CR-00371-F-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CURTIS BURSTON, JR., | ) | |
| Defendant. | ) | |

This matter is before the court on Curtis Burston's Motion for Clarification [DE-208]. In his motion, Burston requests that this court reconsider its March 22, 2013 Order [DE-192]. For the reasons more fully stated below, Burston's Motion for Clarification, which the court has construed as a motion to reconsider, is DENIED.

**Factual and Procedural Background**

A review of the record reveals that Burston was charged in a three-count indictment. *See* Indictment [DE-1]. In Count One, Burston was charged with conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base (crack) and more than 500 grams of cocaine, in violation of 21 U.S.C. § 846. Count Two charged Burston with unlawful use of a communication facility (telephone), in violation of 21 U.S.C. § 843(b). In Count Three, Burston was charged with distribution of a quantity of cocaine and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1).

Burston exercised his right to a jury trial. On March 2, 2005, the jury found him guilty on Count One, Count Two, and Count Three. [DE-47.]

At sentencing, Burston's offense level was 38[1], his criminal history category was IV, and his guideline range was 324 months to 405 months. Burston was sentenced to 360 months' imprisonment on Count One. *See* Judgment [DE-51]. Burston was sentenced to 96 months' imprisonment on Count Two, and the sentence was ordered to run concurrently with the sentence imposed in Count One. Burston was sentenced to 360 months' imprisonment on Count Three, and the sentence was ordered to run concurrently with that imposed in Count One and Count Two.

On November 23, 2010, Burston filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). [DE-150.] The court granted Burston's motion on December 23, 2010. [DE-155.] The court found that Burston's amended offense level was 36[2], his criminal history category was IV, and his amended guideline range was 262 to 327 months. Burston's sentence was reduced to 294 months' imprisonment in Count One and Count Three, and the sentences were ordered to be served concurrently. The sentence imposed in Count Two was unaffected.

Burston filed another motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) on May 22, 2012. [DE-169.] The court denied Burston's motion on March 22, 2013. [DE-192.] As the basis for the denial, the court held as follows: "The amendment is applicable to the defendant, but does not have the effect of lowering the guideline imprisonment range." *Id.* Presently before the court is Burston's Motion for Clarification, in which he requests that this

---

[1]The court found that Burston was responsible for 28.81 kilograms of cocaine powder and 1 kilogram of crack cocaine, which equated to a base offense level of 36. PSR ¶ 51. The court found that a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) was applicable because a dangerous weapon was possessed. PSR ¶ 52.

[2]Burston's base offense level was 34 with the two-level enhancement for a dangerous weapon.

2

court reconsider its March 22, 2013 Order.

## Discussion

On November 1, 2007, the Sentencing Commission promulgated Amendment 706 to the Sentencing Guidelines.[3] Amendment 706 addressed crack cocaine-related drug offenses and reduced by two levels the base offense level assigned to each threshold quantity of crack listed in the Guidelines' Drug Quantity Table. The Commission made Amendment 706 retroactive to March 3, 2008. *See United States v. Munn*, 595 F.3d 183, 185-86 (4th Cir. 2010). Amendments 748 (effective November 1, 2010), 750 (effective November 1, 2011), and 759 (effective November 1, 2011) to the Sentencing Guidelines were adopted in connection with the enactment of the Fair Sentencing Act of 2010 ("FSA"). Amendment 750 amended the drug quantity table in Section 2D1.1(c) so as to reduce offense levels in crack cocaine cases. *See* U.S.S.G. App. C., Amend. 750. Amendment 750 was made retroactive by Amendment 759. *See id.*, Amend. 759.

Pursuant to 18 U.S.C. § 3582(c), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may file a motion asking the court to reduce his sentence. The court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

As a result of Amendment 750 and the resulting change in the calculation of the

---

[3]There was a 100-to-1 disparity between crack and powder cocaine offenses prior to Amendment 706. *United States v. Munn*, 595 F.3d 183, 186 n.5 (4th Cir. 2010). This disparity resulted in sentences for crack offenses which were three to six times longer than for cocaine offenses involving equal drug amounts. *Id.*

3

marijuana equivalency, Burston is accountable for a marijuana equivalency of 9,3333 kilograms (28.81 kilograms of cocaine is equivalent to 5,762 kilograms of marijuana and 1 kilogram of crack cocaine is equal to 3,571 kilograms of marijuana). U.S.S.G. § 2D1.1, Application Note 8(D). This drug quantity falls within the range of a base offense level of 34, which is the same offense level used to calculate Burston's sentence on December 23, 2010. Thus, because Amendment 750 did not "have the effect of lowering [Burston's] applicable guideline range," a sentence reduction "is not authorized under 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B.10(a)(2). Accordingly, as this court held on March 22, 2013, Burston is not entitled to a further reduction.

### Conclusion

For the foregoing reasons, Burston's Motion for Clarification [DE-208] is DENIED.

SO ORDERED.

This, the 22nd day of April, 2014.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

4