IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:04-CR-00371-F-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CURTIS BURSTON, JR. | ) | |
| | ) | |

This matter is before the court on Curtis Burston, Jr.'s Motion for Reconsideration [DE-240] of the court's September 16, 2015 Order [DE-237]. That Order reduced Burston's sentence from 294 months to 250 months pursuant to 18 U.S.C. § 3582(c)(2). Burston argues that he should have received a greater reduction in light of facts presented in his letter motion for reduction dated June 1, 2015 [DE-231]. For the reasons set forth below, the instant motion [DE-240] is DENIED.

## I.    FACTUAL AND PROCEDURAL HISTORY

Burston was charged in a three-count indictment with (1) conspiracy to distribute and possess with intent to distribute more than 50 grams of cocaine base (crack) and more than 500 grams of cocaine, in violation of 21 U.S.C. § 846; (2) unlawful use of a communication facility (telephone), in violation of 21 U.S.C. § 843(b); and (3) distribution of a quantity of cocaine and aiding and abetting in violation of 21 U.S.C. § 841(a)(1). *See* Indictment [DE-1]. On March 2, 2005, following a jury trial, Burston was found guilty on each count. *See* Jury Verdict [DE-47].

At sentencing, Burston's offense level was 38, his criminal history category was IV, and his guideline range was 324 months to 405 months. Burston received 360 months' imprisonment on Count One, which reflected a sentence in the middle of his guideline range. *See* Judgment [DE-51].

Burston received 96 months' imprisonment on Count Two, and 360 months' imprisonment on Count Three, with all sentences to run concurrently. *Id.*

On November 23, 2010, Burston moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). *See* Mot. Reduction Sentence [DE-150]. The court granted Burston's motion, finding that his amended offense level was 36, his criminal history category was IV, and his amended guideline range was 262 to 327 months. *See* Order Dec. 23, 2010 [DE-155]. Burston's sentence was reduced to 294 months' imprisonment in Counts One and Three, again reflecting a middle-of-the-guidelines-range sentence. *Id.* Count Two was unaffected, and all sentences continued to run concurrently. *Id.*

On May 22, 2012, Burston again moved for a sentence reduction [DE-169] pursuant to 18 U.S.C. § 3582(c)(2). The court denied this motion, finding that the applicable sentencing guidelines amendment would not have the effect of lowering Burston's guidelines range. Order Mar. 22, 2013 [DE-192]. Burston then filed a Motion for Clarification [DE-208] of the court's Order, which the court construed as a Motion for Reconsideration. This Motion was denied. Order Apr. 22, 2014 [DE-210].

Burston again moved for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). On June 8, 2015, Burston filed a *pro se* letter motion seeking a sentence reduction [DE-231], and on September 14, 2015, a Motion to Reduce Sentence [DE-236] was filed by counsel on Burston's behalf. The court granted the motion filed by counsel, finding that Burston's amended offense level was 34, his criminal history category was IV, and his amended guideline range was 240 to 262 months. Order Sept. 16, 2015 [DE-237]. Again, the court imposed a sentence in the middle of Burston's guidelines range. Burston received 250 months' imprisonment on Counts One and Three. *Id.* Count Two was

unaffected, and all sentences continued to run concurrently. *Id.* Burston filed the instant Motion for Reconsideration [DE-240] on October 19, 2015.

## II.    DISCUSSION

In support of his Motion for Reconsideration [DE-240], Burston argues that the court erred in declining to impose a sentence at the bottom of his amended guidelines range. Further, Burston alleges that the court failed to consider the facts presented in his *pro se* filing [DE-231], thus depriving him of his right to self-representation.

Prior to reducing Burston's sentence, the court considered the entire record, including Burston's *pro se* motion, in light of the factors set forth in 18 U.S.C. § 3553(a). After a thorough review, the court determined that a middle-of-the-guidelines-range sentence of 250 months' imprisonment was sufficient, but not greater than necessary, to achieve the purposes of sentencing.[1]

## III.    CONCLUSION

Following a review of the record, the court sees no meritorious reason to disturb its ruling. For these reasons, Burston's Motion for Reconsideration [DE-240] is DENIED.

SO ORDERED.

This the ___10th___ day of November, 2015.

JAMES C. FOX
Senior United States District Judge

---

[1] The court notes that Burston's sentence is, contrary to his assertions, consistent with previous sentences imposed by the court in this case. Burston alleges that the sentence imposed is 40 months greater than the minimum allowable sentence. Mot. Reconsideration [DE-240] ¶ 4. Burston appears to misunderstand the guidelines range applicable to his case. The amended guidelines range is 240 to 262 months, based on a statutory minimum sentence of 240 months' imprisonment. Thus, Burston's middle-of-the-guidelines-range sentence is actually only ten months greater than the minimum allowable sentence.

3