IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:04-CR-00371-F-2
No. 5:16-CV-00742-F

| | |
|---|---|
| CURTIS BURSTON, JR., | ) |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

This matter is before the court on Curtis Burston, Jr.'s pending motion filed pursuant to 28 U.S.C. § 2255 [DE-261]. For the reasons set forth below, the court will summarily dismiss Burston's motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings.

## I. Legal Standard

Rule 4 of the Rules Governing Section 2255 Proceedings ("2255 Rules") requires both a preliminary review of a § 2255 motion and a summary dismissal "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." 2255 Rules, Rule 4(b); *accord* 28 U.S.C. § 2255(b); *see Raines v. United States,* 423 F.2d 526, 529 (4th Cir. 1970) (stating "[w]here the files and records *conclusively* show that the prisoner is entitled to no relief, summary dismissal is appropriate") (emphasis in original). Because Burston is proceeding *pro se*, the court must construe his motion liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).

## II. Discussion

A review of the record reveals that Burston previously filed a § 2255 motion that was resolved on the merits. *See* [DE-82]. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall

move in the appropriate court of appeals for an order authorizing the district court to consider the application." In this case, Burston must first obtain an order from the Fourth Circuit Court of Appeals before this court will consider any successive petition under 28 U.S.C. § 2255.

### III. Conclusion

In light of the foregoing, Burston's pending § 2255 motion [DE-261] is SUMMARILY DISMISSED.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (Where a court has rejected the constitutional claims on their merits, a petitioner must demonstrate that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong, but when a court denies relief on procedural grounds, the petitioner must demonstrate that jurists of reason would find it debatable whether the court's procedural ruling was correct.).

SO ORDERED.

This the 21 day of October, 2016.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

2